WALTER BERT SHANK, APPELLANT/CROSS-RESPONDENT, v. ROSEMARY SHANK AKA ROSEMARY COLE, RESPONDENT/CROSS-APPELLANT.

No. 15312

December 10, 1984 691 P.2d 872

*William R. Devlin* and *Edwin A. Adamson,* Las Vegas, for Appellant/Cross-Respondent.

*Marilyn V. Romanelli,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal from an order reinstating alimony payments. Appellant contends that his alimony obligations were terminated because of respondent's remarriage. We agree, and therefore we reverse the district court's order.

Appellant and respondent were divorced on June 27, 1981. The divorce decree required appellant to pay alimony of $400.00 per month for ten years, followed by $200.00 per month for an additional ten years. The divorce decree provided, however, that alimony would terminate if respondent remarried.

Appellant made timely alimony payments until December 12, 1981, when respondent remarried. Appellant then stopped paying the alimony. Respondent later discovered that her new husband had not divorced his first wife. Accordingly, on June 17, 1983, respondent obtained a decree annulling her marriage to her new husband. Respondent then petitioned the district court to reinstate appellant's alimony obligations and to award arrearages from December 12, 1981, the date on which appellant stopped making his payments. The district court denied respondent's request for all of the arrearages, but the court reinstated alimony from the date of respondent's annulment. This appeal followed.

Pursuant to NRS 125.150(5) and the divorce decree in this case, alimony payments were to cease upon "remarriage."[1]

---

[1] NRS 125.150(5) provides, in part, as follows:

> In the event of death of either party or the subsequent remarriage of the spouse to whom specific periodic payments were to be made, all payments required by the decree must cease, unless it was otherwise ordered by the court.

Appellant contends that respondent's act of solemnizing the remarriage was sufficient to terminate alimony obligations, even though the subsequent marriage was later determined to be void. On the other hand, respondent contends that she never "remarried" because her subsequent bigamous marriage was void from the beginning, pursuant to NRS 125.290. Thus, respondent argues that appellant's alimony obligations never really ceased. The sole issue to be resolved on appeal, therefore, is the meaning of the term "remarriage" as used in the divorce decree and NRS 125.150(5).

Although this appeal presents an issue of first impression in Nevada, other jurisdictions have addressed the issue. For example, in Glass v. Glass, 546 S.W.2d 738 (Mo.Ct.App. 1977), the court held that the mere act of solemnizing a remarriage is sufficient to terminate alimony obligations even if the remarriage is later determined to be void or voidable. The court discussed the following policy considerations:

> (1) A former husband is entitled to rely on the remarriage ceremony of the former wife to recommit assets previously used for alimony obligations to her.
> (2) Unless the remarriage ceremony is taken as conclusive, any latent grounds for annulment between the remarried spouse and her new husband may remain suspended until the offended spouse seeks annulment, so that the former husband's alimony obligations may never be certainly determined.
> (3) Even though both former spouses may be innocent, the more active of the two, [the one whose remarriage is later annulled] should bear the loss from the misconduct of a stranger.

*Id.* at 741. *See also* Sefton v. Sefton, 291 P.2d 439 (Cal. 1955).

We are persuaded by the policy reasons expressed above. We also believe that our courts should not be burdened with alimony claims asserted months or years after an event that, so far as the parties are concerned, terminated all alimony obligations. Finally, we are persuaded that divorced parties should be able to have certainty in their legal rights and obligations, and that our adoption of respondent's position would cause enormous uncertainty for the parties.

Accordingly, we hold that the term "remarriage," as used in the divorce decree and NRS 125.150(5), means the solemnization or ceremony of remarriage, without regard to whether the remarriage is later determined to be void or voidable. Appellant's alimony obligations, therefore, were terminated when respondent

solemnized her remarriage on December 12, 1981, even though the remarriage was later declared to be void. Appellant was entitled to stop making alimony payments at that time, as he did, and the district court erred by reinstating the alimony obligations.
Reversed.

SPRINGER, MOWBRAY, STEFFEN, and GUNDERSON, JJ., and ZENOFF, Sr. J.,[2] concur.